Filed 11/16/22  P. v. Stockman CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY CHATTEN STOCKMAN,<br><br>    Defendant and Appellant. | A164558<br><br>(Sonoma County<br>Super. Ct. No.<br>SCR206261) |

In 1993, defendant Gregory Chatten Stockman was charged with attempted murder and assault with a deadly weapon.  (Pen. Code, §§ 187, subd. (a), 664, 245, subd. (a)(1).)[1]  He was found not guilty by reason of insanity and committed to Napa State Hospital.  (§ 1026.)  The trial court granted his petition for supervised release in 2017.  He now appeals from an order revoking his conditional release status.

Defendant's counsel has submitted an opening brief raising no arguable issues, and requests this court to make its own independent review of the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, or in the alternative, to conduct a review in accordance with *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*)

---

[1] All further statutory references are to Penal Code unless otherwise indicated.

Defendant was provided with a copy of the brief and informed of his right to file a supplemental brief. He has submitted supplemental briefing and addenda, but has raised no issues in his briefing.

As appellate counsel acknowledges, *Wende* review is only available in a first appeal of right from a criminal conviction. (*Ben C.*, *supra*, 40 Cal.4th at pp. 543–544; *People v. Serrano* (2012) 211 Cal.App.4th 496, 501; *People v. Taylor* (2008) 160 Cal.App.4th 304, 312.) However, given the "private interests at stake" and the "restraints upon physical freedom and personal autonomy" at issue, we will proceed with a *Wende* review. (*Ben C.*, at p. 545 (dis. opn. of George, C.J.); *id.*, at pp. 543–544 & fn. 7.)

Upon independent review of the record, we find no arguable issues on appeal and affirm the order.

## BACKGROUND[2]

Following a trial, the court issued an order in 2017 "finding defendant was 'an appropriate candidate to be transferred to CONREP[3] for supervised release in the community.' " (*People v. Stockman* (May 17, 2018, A152749) 2018 WL 2251649, at p. *2.)[4]

In 2019, the prosecutor filed a motion to vacate the order to conditionally release defendant because he refused to sign the CONREP

---

[2] We recount only those facts relevant to the issues on appeal.

[3] CONREP is the California Forensic Conditional Release Program.

[4] We take judicial notice of our opinion in defendant's previous appeal. "A court may judicially notice the '[r]ecords of . . . any court of this state.' (Evid. Code, § 452, subd. (d).) 'We may take judicial notice of the existence of judicial opinions and court documents, along with the truth of the results reached—in documents such as orders, statements of decision, and judgments. . . .' " (*Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 382.)

paperwork. The court indicated "CONREP refuses to work with him. Maybe his circumstances are becoming aggravated such that he's not appropriate for CONREP." (Capitalization added.) The court scheduled a hearing for March 21, 2019 and ordered defendant to appear.

Defendant did not appear at the March hearing, or at any subsequent continued hearing. In January 2021, defendant's trial counsel informed the court that defendant could not appear at the scheduled Zoom hearing because of a hernia problem and asked for a 60-day continuance. The court rescheduled the hearing for March 2021.

The next hearing occurred on November 17, 2021. The court indicated the matter had been continued "for the Court to review the [subpoenaed] medical records from Napa State Hospital" to determine if they contained privileged information. The court ruled the medical records submitted did not contain privileged material, and ordered them released to the parties for copying. The court ordered the next hearing would be three weeks later, in December.

The next hearing did not take place until February 1, 2022. Defendant did not appear. The court noted the case had been "bouncing around in this Department" for over five years because "we haven't been able to get [defendant] here to court [or] to appear remotely by way of Zoom such that we can meaningfully litigate this proceeding. . . . [¶] . . . [Defendant], despite a removal order having been signed by this Court back in January, is not with us today, [and] is not remotely with us by way of Zoom either."

The prosecutor informed the court she had spoken with the "sheriff's transportation unit" and was informed defendant refused to be transported. Defendant's attorney stated he had provided him with "a letter indicating the importance of appearing via Zoom or in person for today's hearing and

3

provided Zoom information to him.  [¶] I've also communicated with social workers at Napa Hospital in an effort to see if someone would help participate in ensuring that [defendant] appeared via Zoom and provided Zoom information to . . . the social worker there at Napa.  [¶] And I think that my numerous attempts to speak to [defendant] by telephone [have] not been fruitful as well because of reasons that are not entirely clear, but I think that [defendant] is well aware of this morning's proceedings and it is unclear to me that there's a medical reason why he would not be appearing today."

The court indicated it would make "a finding based on the contents of the Court's file, since [defendant] was granted out-patient status in 2017 to today's date included multiple periodic status reports under 1026(f), as well as documents that have been received by the Court and to include the most recent 1026(f) status report dated November the 24th of 2021 received by this Court filed stamped on December the 8th."  The court noted there were "multiple incidents . . . which . . .  demonstrated [defendant's] refusal to participate in interviews, as well as his CONREP release. . . . [¶] And the Court is prepared at this point to make the finding that [defendant] has voluntarily absented himself over the last five years and that it is in the interest of justice for the Court to proceed forward in his absence today."

The court admitted the records from CONREP and Napa State Hospital.  As the court found, the records showed defendant's "refusal to meet with CONREP and meaningfully participate in anyway [with] CONREP's supervision."  The records indicated defendant did not even meet the "baseline requirements that he sign terms and conditions of his out-patient treatment or at least meet with his care providers to discuss any concerns he has in signing those conditions."

4

The court found defendant "requires extended in-patient treatment due to his failure to accept further out-patient treatment supervision." The court revoked "out-patient CONREP status" and ordered that he "remain in-patient at the Department of State Hospitals until further order of the Court." The order was made "without prejudice to the defendant's . . . ability to seek reconsideration of the Court's order if and when he either personally appears . . . or makes an appearance by way of Zoom in order to seek that reconsideration."

The record does not indicate defendant sought reconsideration. Instead, about a week after the hearing, he filed a notice of appeal.

Defendant, after receiving two extensions of time, filed a supplemental brief, as well as two addenda. His supplemental brief and addenda raise no issues. Instead, he attached numerous documents, some of which are part of the record and some of which are not.

## DISCUSSION

An individual's conditional release may be revoked if "the person requires extended inpatient treatment or refuses to accept further outpatient treatment and supervision." (§ 1608; *In re McPherson* (1985) 176 Cal.App.3d 332, 339–340.) A court's finding in that regard is reviewed for substantial evidence. (See *People v. Parker* (2014) 231 Cal.App.4th 1423, 1436; *People v. DeGuzman* (1995) 33 Cal.App.4th 414, 420.) We have independently reviewed the record, and conclude substantial evidence supports the trial court's finding.

Defendant's attorney asserts "[t]his court should conduct an independent review of the record to determine whether any hearsay error existed, and, if it did, whether it was prejudicial." He notes the admitted documents "appeared to be properly authenticated state hospital record[s]"

5

and so were "arguably admissible under both Evidence Code section 1271 and 1280," but notes they contained "diagnoses applied to [defendant] and opinions as to whether [defendant] had complied [with] various requirements of his treatment . . . for his release." He concedes no objection was made to introduction of this evidence.

"Evidence of a writing made [in the regular course of business] as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act [or] condition. . . ." (Evid. Code, § 1271.) "In order for a record to be competent evidence under [Evidence Code section 1271] it must be a record of an act, condition or event; a conclusion is neither an act, condition or event. . . ." (*People v. Reyes* (1974) 12 Cal.3d 486, 503.) A psychiatrist's opinion about a patient's diagnosis is "not an act, condition or event within the meaning of the statute." (*Ibid*.) We review admission of such evidence for abuse of discretion. (*Conservatorship of S.A.* (2018) 25 Cal.App.5th 438, 447.)

Regardless of whether there was any hearsay in the admitted records from CONREP or Napa State Hospital, there was no prejudice resulting from their admission. The court's finding that defendant failed "to accept further out-patient treatment supervision" was based on descriptions of acts or events in the records, not diagnoses or opinions. The court identified specific portions of the records which indicated defendant "refus[ed] to meet with CONREP and meaningfully participate in any way [with] CONREP's supervision." The records reflected that defendant repeatedly refused to meet with his treatment team or CONREP representative and refused to sign the terms and conditions of CONREP release.

## DISPOSITION

The trial court's order of February 1, 2022 is affirmed.

6

_____
Banke, J.


We concur:


_____
Margulies, Acting P.J.


_____
Devine, J.*


*Judge of the Contra Costa Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


A164558, People v. Stockman